UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIEDRE WARD,

                    Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19 CV 6244 (GRB) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On November 1, 2019, plaintiff Deirdre Ward, proceeding *pro se*, filed this action against the Commissioner of Social Security (the "Commissioner"), pursuant to 42 U.S.C. § 405(g), seeking review of the decision of the Administrative Law Judge ("ALJ") denying plaintiff's application for Social Security disability benefits. On April 20, 2020, the Commissioner filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. On December 22, 2020, the motion was referred to the undersigned to prepare a Report and Recommendation.

Having considered the papers filed by the *pro se* plaintiff, her mother, and the Commissioner, including the Administrative Record, it is respectfully recommended that the Commissioner's motion for judgment on the pleadings be denied and this action remanded to the Appeals Council.

FACTUAL BACKGROUND

In her Complaint, plaintiff Ward alleges that on December 2, 2014, she became disabled due to "Psychosis/seizures disorder," and was entitled to receive Social Security disability

benefits. (Compl.[1] ¶¶ 4-5). She filed an application for disability benefits under Title II of the Social Security Act (the "Act") on June 2, 2016. (C.R. Tr.[2] at 9). Her application was initially denied on July 25, 2016. (Id. at 74). In her Complaint, plaintiff alleges that her application was denied because she allegedly failed to establish a period of disability and did not have an impairment of the severity prescribed by the Social Security Act to warrant disability insurance benefits or Supplemental Security Income benefits. (Compl. ¶ 6).

Pursuant to plaintiff's request, a hearing was held before an ALJ on October 10, 2017, and then a subsequent hearing was held on August 14, 2018. (C.R. Tr. at 31-51, 52-73). Plaintiff appeared at these proceedings *pro se*. (Id.) The ALJ rendered a decision on September 17, 2018,[3] denying plaintiff's claim based on a finding that plaintiff was not disabled. (Id. at 6-22). The decision notified plaintiff that if she wished to seek review by the Appeals Council, she needed to file an appeal in writing "within 60 days" of the date she received the notice. (Id. at 6). According to the Commissioner, since plaintiff admitted receiving the notice on September 17, 2018, her request for review was due by November 16, 2018. (Cm'r Mem.[4] at 1 (citing C.R. Tr. at 6, 29)).

It was not until June 3, 2019, however, that plaintiff sought review of the decision by the Appeals Council. (C.R. Tr. at 24). In her letter seeking review, plaintiff sought to explain her late filing by stating that she had been hospitalized and going to the mental health clinic several

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on November 1, 2019.

[2] Citations to "C.R. Tr." refer to the Certified Administrative Record Transcript, filed by the Commissioner on June 25, 2020, ECF No. 20.

[3] In her Complaint, plaintiff alleges that the date of the ALJ decision was September 17, 2019. (Compl. ¶ 7). Based on a review of the Administrative Record, this appears to be a typographical error; the decision was actually rendered on September 17, 2018. (C.R. Tr. at 6-22).

[4] Citations to "Cm'r Mem." refer to the Memorandum of Law in Support of the Commissioner's Motion for Judgment on the Pleadings, filed June 25, 2020, ECF No. 17.

2

times since receiving the notice of the ALJ's decision. (Pl.'s Ltr.[5]). In support of her letter, she submitted an ambulance services receipt dated April 20, 2019. (C.R. Tr. at 27).

On September 5, 2019, the Appeals Council dismissed plaintiff's request for review on grounds of untimeliness, finding that the receipt for ambulance services on April 20, 2019 was for services provided after the 60-day deadline for requesting an appeal. (Id. at 4).

Plaintiff commenced this action on November 1, 2019, arguing that the ALJ's decision was erroneous, not supported by substantial evidence or contrary to law, and seeking a modification by the Court of the denial or, in the alternative, remand to the Commissioner for reconsideration of the evidence. (Compl. ¶ 9). In the motion for judgment on the pleadings, the Commissioner argues that the issue before this Court was whether the Commissioner abused his discretion by dismissing plaintiff's request for Appeals Council review given that it was untimely filed. (Cm'r Mem. at 2).

## DISCUSSION

A. Review Under Section 405(g)

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review a final decision of the Commissioner. In Smith v. Berryhill, the Supreme Court held that a decision by the Appeals Council to dismiss a claimant's request for review is a final decision subject to judicial review. 139 S. Ct. 1765, 1771, 1780 (2019). In Smith, the plaintiff applied for disability benefits, which were denied by the ALJ after a hearing. Id. Although Smith had counsel who stated that he submitted a timely letter requesting review by the Appeals Council, the SSA did not have any record of receiving the letter and dismissed the request for review as untimely, finding that Smith

---

[5] Citations to "Pl.'s Ltr." refer to the letter submitted by Ms. Ward on June 3, 2019, ECF No. 20 at 29.

3

had not shown good cause. Id. In resolving a split among the Circuits as to whether such a dismissal is subject to judicial review, the Court explained that claimants for disability benefits under either Title II or Title XVI[6] must go through a four-step process before seeking review in federal court:

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council.

Id. at 1172. If a claimant has completed all four steps, then it is clear that Section 405(g) entitles him to seek review in federal court. Id.

The Court noted that pursuant to 20 C.F.R. § 416.1400, a claimant is given 60 days following receipt of the ALJ's decision to file a request for review to the Appeals Council, unless he can show "good cause for missing the deadline." 20 C.F.R. § 416.1468. When the claimant fails to comply with the 60-day deadline and cannot show good cause, the Appeals Council dismisses the request, see 20 C.F.R. § 416.1471; such dismissals are not subject to further review. 20 C.F.R. § 416.1472. The Court explained that while the SSA is given the authority to determine which steps are required in order to exhaust administrative remedies, see Sims v. Apfel, 530 U.S. 103, 106 (2000), "exhaustion of those steps may not only be waived by the agency . . . but also excused by the courts." Smith v. Berryhill, 139 S. Ct. at 1774.

Finding that Smith was entitled to judicial review, the Court observed: "We note further that the SSA is a massive enterprise, and mistakes will occur . . . While mistakes by the agency

---

[6] Title II of the Act, 42 U.S.C. § 401 et seq., provides "old-age, survivor, and disability benefits to insured individuals irrespective of financial need, and Title XVI provides supplemental security benefits to "financially needy individuals who are aged, blind, or disabled regardless of their insured status." Smith v. Berryhill, 139 S. Ct. at 1772 (quoting Bowen v. Galbreath, 485 U.S. 74, 75 (1988).

may be admirably rare, we do not presume that Congress intended for this claimant-protective statute . . . to leave a claimant without recourse to the courts when such a mistake does occur – least of all when the claimant may have already expended a significant amount of likely limited resources in a lengthy proceeding." Id. at 1776; see also Bowen v Michigan Academy of Family Physicians, 476 U.S. 667, 670 (1986) (discussing the strong presumption that Congress intends judicial review of administrative action"). In reviewing an Appeals Council's decision to deny a request for review as untimely, the Supreme Court made clear that "in an ordinary case [dismissed by the SSA on procedural grounds], a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." Smith v. Berryhill, 139 S. Ct. at 1780. Such decisions should be reviewed for "abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.'" Hayward v. Comm'r of Soc. Sec., No. 18 CV 10402, 2021 WL 982296, at *3 (S.D.N.Y. Mar. 16, 2021) (citing Smith v. Berryhill, 139 S. Ct. at 1779 n. 19). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citing Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004)). Therefore, if substantial evidence supports the Commissioner's determination that a claimant did not timely request review, a court will review the agency's "good cause" determination for abuse of discretion. See Bowen v. City of New York, 476 U.S. 467, 483 (1986).

There are four factors to consider in determining whether a claimant has shown good cause for an untimely request for review: the circumstances that prevented the claimant from making a timely request; whether an action by the Commissioner misled the claimant; whether the claimant failed to understand the requirements for filing a timely appeal due to amendments

5

to such requirements, court decisions, or other legislation; and whether the claimant was prevented from filing a timely request or was not aware of the need to do so due to a physical mental, educational or linguistic limitation. 20 C.F.R. § 416.1411.

B. Analysis

The issue in this case is whether the Appeals Council abused its discretion when it dismissed plaintiff's appeal and upheld the ALJ's decision as the final decision of the Commissioner, based on its view that plaintiff failed to timely file her request for review and/or provide good reason for her late filing. Shari L. v. Saul, No. 19 CV 851, 2020 WL 3971510, at *2 (N.D.N.Y. July 14, 2020). Before seeking review by this Court, plaintiff followed the procedures set out in Smith by filing a claim, seeking reconsideration, and requesting a hearing, which she attended. Following the hearing, the ALJ issued his determination on September 17, 2018, finding that while plaintiff met the first three steps of the SSA's five-step evaluation process for determining if an individual is disabled, she did not meet the fourth requirement that the claimant has "an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1(20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526)." (C.R. Trans. at 11).

According to 20 C.F.R. § 404.901, it is assumed that the claimant has received notice of the decision five days after the date on the notice, unless the claimant shows that they did not receive it within that time frame. Here, the Notice of Decision is dated September 17, 2018,[7] and in her letter seeking to explain her late appeal, plaintiff states that she received the Notice of

---

[7] In the Certified Record, the Commissioner lists the date of the ALJ decision as September 12, 2018; the Court assumes that this is simply a typographical error since the document itself bearing the signature of the ALJ lists the date as September 17, 2018 (ALJ Dec., C.R. Trans. at 6-18), and the Notice of Decision also bears the date of September 17, 2018. (Id. at 6).

6

Decision on September 17, 2018.[8] (Pl.'s Ltr., C.R. Tr. at 29-30). Thus, her request for review should have been submitted on or before November 16, 2018.

On June 3, 2019, the Appeals Council received plaintiff's Request for Review of Hearing Decision/Order. (C.R. Tr. at 24). In her letter requesting late review, plaintiff explains that "[u]nfortunately I was unable to file an appeal due to health reasons." (Id. at 29). She states that between the time of receiving the Notice until May 24, 2019, "I was admitted into the hospital and behavioral health clinic *several times*." (Id. (emphasis added)). The letter further details the basis for her claim for benefits, including that she is "having seizures," "at least once every two months," despite treatment, and that she suffers from "Depressive Bipolar and related Disorders," including depressed mood, appetite and sleep disturbances, decreased energy, and difficulty concentrating and thinking. (Id.) She attached to her letter an invoice for emergency medical services for a trip to Brookdale Hospital on April 20, 2019. (Id. at 27).

In seeking judgment on the pleadings, the Commissioner argues that the Appeals Council did not abuse its discretion in dismissing plaintiff's request to review for good cause, noting that "[o]ther than a bill for ambulance services rendered on April 20, 2019 . . . plaintiff provided no evidence to corroborate her asserted ground for good cause." (Cm'r Mem. at 4). The Commissioner argues that the ambulance bill that was provided did not substantiate plaintiff's claim given that the services of the ambulance company were rendered after the 60-day deadline. (Id.)

---

[8] Although plaintiff states she "received the Notice of Decision on September 17, 2018," the Notice of Decision was issued on that date, and it is highly unlikely that she could have actually received a mailed Notice on the same day it was issued. Unless handed directly to her or emailed to her, her concession that she received the Notice the same day of its issue makes little sense to this Court. It is more likely that she cited that date in her letter because it was the date on the Decision itself. The Appeals Council, in rejecting her claim of good cause for failing to timely file an appeal, simply accepted this concession without question.

7

The Commissioner further argues that even if she had been able to demonstrate that her illness prevented her from timely filing an appeal, "she did not explain why she could not have filed a timely appeal in writing or through another person." (Id. (citing 20 C.F.R. § 404.911(b)(1) (providing that good cause may be shown if a claimant was "seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person"). Given that plaintiff's mother attended the hearing before the ALJ, the Commissioner argues that plaintiff's mother was aware of plaintiff's application. (Id.)

The Commissioner contends that plaintiff has not alleged that any action of the Commissioner misled her or that there were any changes in the requirements for filing an appeal that prevented her from understanding the proper procedure. (Id. at 4-5). Finally, the Commissioner argues that the record shows that plaintiff can communicate in English, graduated from college with a degree in accounting, was able to maintain her own hygiene without difficulty, prepare her own meals, travel using public transportation, and otherwise mentally and physically capable of filing a timely appeal. (Id. at 5). Thus, the Commissioner argues that the decision not to excuse the late filing was not an abuse of discretion, given consideration of the four factors for finding good cause.

In response to the Commissioner's motion, plaintiff submitted another letter seeking review, dated May 20, 2020, noting that she "was in and out the hospital," "could not find time to write the letter . . . and not able to responded [sic] to the last letter on time." (Pl.'s 5/20/2020 Ltr., ECF No. 18). She also notes in the letter that "my memory is very poor, certain things I have trouble remembering and I need to write down a lot." (Id.)[9]

---

[9] The Commissioner notes that plaintiff has also submitted a compact disc with various video, audio, and photographic files. (Cm'r Reply at 2). The Commissioner contends that, "[n]othing in Plaintiff's Reply indicates that the Appeals Council lacked substantial evidence,

8

Submitted with that letter was a separate letter from plaintiff's mother, Alison Mckenzie, in which she describes her daughter's psychosocial history, explains that her daughter is proud, very intelligent, and has "well-disguised verbal capacity that leads others to believe that she is mentally healthy and that is far from the truth." (Mckenzie Ltr., ECF No. 18). According to her mother's letter, "[b]etween September and November 2018, Deirdre has [sic] multiple episodes of seizures and or mental breakdowns that required 911 calls to our home or be admitted to the hospital." (Id.) The letter represents that "many of her hospitalizations were in Behavior Health Units at Franklin Hospital LI, Mercy Hospital LI, Nassau Medical Center LI, and Lenox Hill Hospital NYC." (Id.) Her mother further notes that: "Giving [sic] the COVID related restrictions, it is even more difficult to get medical records from hospitals where Deirdre was a patient or it will take a longer time to acquire." (Id.)

She explains that: "Any reference to her receiving letters and with no response is because she was incapacitated by her mental state." (Id.) In responding to the Commissioner's suggestion that because Ms. Mckenzie attended the ALJ hearing and was aware of what was going on with her daughter, she could have filed a request on her daughter's behalf, Ms. Mckenzie noted that she was not given an opportunity to speak at the hearing, and she also explains that she does not always see the mail that her daughter receives. (Id.) "Again, they are asking a person with mental health issues to act, to remember, to read through the documents that are sent to her from the courts, to go down to the courts and make sense of it all." (Id.)

While plaintiff has not claimed that any act on the part of the Commissioner or any change in the regulations misled her into not filing a timely request, the Notice that was provided

---

applied the incorrect legal standard or otherwise abused its discretion in finding that Plaintiff did not establish good cause." (Id.) For the reasons stated infra, the Court disagrees.

9

to her does not indicate that an individual seeking to excuse a failure to timely file a request for an appeal due to a physical or mental limitation must supply corroborating medical records justifying their claim.  In this case, plaintiff claimed in her original letter that between September 17, 2018 and May 24, 2019, she had been "admitted into the hospital and behavioral health clinic *several times*."  In denying her request and dismissing her appeal, the Appeals Council ignored this statement claiming multiple hospitalizations, and concluded that because she had only submitted one ambulance report for a date after the 60-day time for filing had expired, that she had not shown good cause.  Her mother's letter, submitted in response to the instant motion, also corroborates plaintiff's claim, noting hospitalizations at four different locations from September to November 2018, which do not include the subsequent April 2019 incident.[10]

The Court respectfully recommends that the reasons plaintiff provided for failing to appeal within the 60 days, as required, fit the "good cause" factors laid out in 20 C.F.R. § 404.911 and 20 C.F.R. § 416.1411.  Under 20 C.F.R. § 416.1468, a "request for an extension of time must be in writing.  It must be filed with the Appeals Council, and it must give the reasons why the request for review was not filed within the stated time period."  The Appeals Council must then consider: "(1) [w]hat circumstances kept [the plaintiff] from making the request on time;  (2) [w]hether our action misled [the plaintiff];  (3) [w]hether [the plaintiff] did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions;  and (4) [w]hether [the plaintiff] had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented

---

[10] The Court further takes judicial notice of the fact that during the COVID pandemic, it has been difficult to obtain medical records even with Court-ordered subpoenas.

10

[the plaintiff] from filing a timely request or from understanding or knowing about the need to file a timely request for review." 20 C.F.R. § 416.1411.

Here, the Appeals Council did not rest its decision on substantial evidence: first, although the Appeals Council states that it evaluated "good cause" here, and "considered [plaintiff's] statement and reviewed the medical documents submitted," it found that because "the services was [sic] provided after the deadline," there was "no good cause to extend the time for filing" and, accordingly, dismissed plaintiff's request for review. (C.R. Trans. at 4). Plaintiff's letter, however, noted the numerous times she had been in and out of the hospital during the 60-day period, not the period following the expiration of the 60-day period, and her mother's subsequent letter noted the impossibility of getting records to support those hospitalizations during COVID-19. Although the Court conducts only "a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied," Cichocki v. Astrue, 729 F.3d 172, 175–76 (2d Cir. 2013), here, it appears that the Appeals Council's conclusion that plaintiff had not shown good cause for an untimely appeal was not based on substantial evidence, in that the Appeals Council overlooked plaintiff's *pro se* status and ignored the overall impact of plaintiff's letter, focusing only on the one ambulance report that plaintiff was not even required to submit but did. See Smith v. Berryhill, 139 S. Ct. at 1779 n. 19.

The Court in Smith held that if the reviewing court disagrees with the agency's determination, the court has the jurisdictional authority to reach the merits, but the better course is to remand the cause to the agency and "give the agency 'an opportunity to correct its own errors.'" Id. at 1779-1780. Thus, the court "should restrict its review to the procedural ground

11

that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." Id. at 1780.

Given that there was nothing in the ALJ's September 17, 2018 letter advising of the need to corroborate every hospitalization and claim of medical disability with records in order to establish good cause for a late appeal, it was unreasonable to assume that plaintiff, who is proceeding *pro se,* would have understood that providing the ambulance report would actually be detrimental to her claim. Not only is it unclear if she would have been required to provide medical records corroborating all of her hospitalizations and medical disabilities during the period from September 17, 2018 to November 16, 2018, but it is also unreasonable to assume that she would have been able to obtain such records in a timely fashion in any event, given the delays in the provision of medical records generally during COVID. Thus, the Court concludes that the Appeals Council abused its discretion in only relying on the one ambulance report and not giving due consideration to plaintiff's *pro se* status and her claim of multiple hospitalizations.

Accordingly, it is respectfully recommended that the case be remanded to the Appeals Council and that plaintiff be given an opportunity to present medical records documenting her hospitalizations during the period from September 2018 through November 2018 and thereafter to support her claim of good cause for failing to comply with the 60-day procedural requirement.

## CONCLUSION

As stated above, the Court respectfully recommends the motion for judgment on the pleadings be denied and the case remanded to the Appeals Council.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also

12

Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 5, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York